IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


CHUCK CROCKETT,

    Plaintiff,

 v.

PORTLAND POLICE and CITY
OF PORTLAND,

    Defendants.

No. 3:19-cv-01090-HZ

OPINION & ORDER


Chuck Crockett
1771 NE Bryant St.
Portland, OR 97211

 Pro Se Plaintiff

Ryan C. Bailey
City of Portland
City Attorney's Office
1221 SW Fourth Ave., Room 430
Portland, OR 97204

 Attorney for Defendants

1 - OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff Chuck Crockett brings this action under 42 U.S.C. § 1983 against Defendants City of Portland and Portland Police, alleging violations of his Thirteenth and Fourteenth Amendment rights, as well as tort claims arising from Defendants' alleged violation of state and federal laws. Defendants move to dismiss for failure to state a claim upon which relief can be granted. Plaintiff moves to remand to state court and for sanctions. The Court denies Plaintiff's motion to remand and motion for sanctions and grants Defendants' motion to dismiss in part. Plaintiff is granted leave to amend his First Amended Complaint.

## BACKGROUND

The court takes the facts from Plaintiff's Tort Claim ("first amended complaint" or "FAC"). On March 15, 2019, Plaintiff Chuck Crockett entered the North Portland Police Precinct to report a hate crime. First Am. Compl. 1[1], ECF 10. Plaintiff alleges that he asked the desk clerk to get an officer to take his report. *Id.* The desk clerk told Plaintiff that no officers were available to take his report and instructed him to call the non-emergency line to report the crime. *Id.* Plaintiff told the desk clerk that he could see that two officers behind the clerk were doing nothing and asked that one of them take his report. *Id.* The clerk told Plaintiff a second time that no officers were available to take his report and told him to call the non-emergency line. *Id.* Plaintiff began to argue with the clerk about the clerk's refusal to summon an officer to take his report. *Id.* Plaintiff told the clerk that a Caucasian male had been driving around in his car trying to assault African Americans and that the man posed an immediate threat to the public.

---

[1] Plaintiff's First Amended Complaint is not paginated, so citations in this Opinion and Order to Plaintiff's First Amended Complaint are to the ECF page numbers.

*Id.* According to Plaintiff, the clerk denied that the situation described by Plaintiff was an emergency and again instructed Plaintiff to call the non-emergency line to report the crime. *Id.*

Plaintiff asserts that during his argument with the clerk, several Portland Police officers passed by, and the clerk did not ask any of them to take Plaintiff's report. *Id.* at 2. Plaintiff tried to stop one of the officers, who refused to take his report. *Id.* Plaintiff told the officer that the "encounter was [b]ullshit and racist." *Id.* Plaintiff went outside and began to tell the officers who were outside the precinct that he was trying to report a hate crime and was being ignored. *Id.* The officers ignored him. *Id.* Plaintiff began to yell at officers to get their attention, and the officers continued to ignore him. *Id.* Eventually, Plaintiff found an African American officer who agreed to take his report. *Id.* According to Plaintiff, the officer who took his report and the sergeant on shift told Plaintiff that "the incident should have never taken place." *Id.* Plaintiff claims Portland Police did not properly investigate the man he reported to have committed the hate crime. *Id.* at 4.

Plaintiff alleges that Defendants violated his rights under the Thirteenth and Fourteenth Amendments and perpetuated a pattern of racism in violation of Title III and VI of the Civil Rights Act of 1964. *Id.* at 2. Specifically, Plaintiff alleges that he was discriminated against because of his race when Caucasian police officers refused to take his report of the hate crime and alleges that he has been subjected to involuntary servitude because he is forced to pay taxes for government services that oppress him. *Id.* at 3-4. Plaintiff also alleges an act of domestic terrorism[2], *id.* at 3, and alleges that under Oregon Revised Statute ("O.R.S.") § 199.410, a service agency for African Americans must be established. *Id.* at 4.

---

[2] After Plaintiff's allegations that Portland Police violated his Fourteenth Amendment rights, Plaintiff's First Amended Complaint indicates that "[t]his is also a form of domestic terrorism." It is unclear from Plaintiff's First Amended Complaint whether that phrase represents a claim

3 - OPINION & ORDER

**STANDARDS**

I. **Removal and Remand**

A federal district court has original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When a federal district court has original jurisdiction over a civil case, the court has supplemental jurisdiction over all other claims that arise from the same case or controversy. 28 U.S.C. § 1367(a). If a district court has original jurisdiction over a civil case, the defendant may remove it from state court to the district court for the district and division that encompasses the place where the state court action is pending. 28 U.S.C. § 1441(a). A defendant must remove an action from a state court to a federal district court within thirty days of service or receipt by the defendant of a copy of the initial pleading setting out the plaintiff's claims for relief. 28 U.S.C. § 1446. A plaintiff must file a motion to remand the case on any basis other than lack of subject matter jurisdiction within thirty days of filing of the notice of removal. 28 U.S.C. § 1447(c). A plaintiff can move to remand based on lack of subject matter jurisdiction any time before final judgment. *Id.*

II. **Motion to Dismiss**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual

---

that the Portland Police committed an act of domestic terrorism or that the person who committed the hate crime against Plaintiff committed an act of domestic terrorism. Plaintiff's response to Defendants' motion to dismiss clarified that "The Portland Police, desk clerk[,] and employees, failing to act on the hate crime report as an emergency or immediate safety issue after the white nationalist attempted to attack me is by definition of the Patriot Act domestic terrorism." Pl. Opp. Mot. Dismiss 5.

allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). However, the court need not accept conclusory allegations as truthful. *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992).

The Court will grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if the plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations and footnote omitted).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679. The court must liberally construe a *pro se* plaintiff's pleadings. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). In doing so, the court gives the plaintiff the benefit of the doubt and must give the plaintiff leave to amend the pleadings "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Broughton v. Cutter Labs*, 622 F.2d 458, 460 (9th Cir. 1980).

///

# DISCUSSION

## I. Plaintiff's Motion to Remand and Motion for Sanctions

Plaintiff originally sued Defendants in the Multnomah County Circuit Court. Not. Removal Ex. A at 2, ECF 1-1. The parties agree that Plaintiff provided Defendants a copy of the initial Complaint on June 14, 2019. Defendants filed a Notice of Removal in this Court on July 15, 2019, and asserted that this Court has original jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States. Not. Removal 3, ECF 1. Plaintiff filed a Motion of Opposition of Removal from State Court ("motion to remand") that alleged that Defendants' removal was untimely and a Motion for Sanction of Defendants ("motion for sanctions").

Plaintiff argues that Defendants filed their notice of removal after the statutory period for removal of the case and asserts that they removed the case for two improper purposes: first, to avoid an entry of default in the state court action; and second, to extend the deadline to file their answer to Plaintiff's Complaint. In his motion to remand, Plaintiff argues that he served Defendants with process on June 14, 2019, and that Defendants filed their Notice of Removal late under 28 U.S.C. § 1446(b)(1) because they filed it more than thirty days later. Plaintiff argues that because the Notice of Removal was untimely, the Court should remand the case to state court. Defendants argue that their Notice of Removal was timely and was not filed for any improper purpose. The Court agrees.

Plaintiff's initial Complaint alleges that Portland Police officers and the City of Portland violated his constitutional rights under the Thirteenth and Fourteenth Amendments to the Constitution when they refused to take his report of a hate crime. Because Plaintiff's claims arise under the Constitution of the United States, this Court has original jurisdiction. 28 U.S.C. §

1331. Defendants had thirty days from the date that they received service of process or received a copy of Plaintiff's Complaint to remove the case to federal court. 28 U.S.C. § 1446(b). There is no dispute between the parties that Defendants received a copy of Plaintiff's Complaint on June 14, 2019. Thirty days from June 14, 2019, was July 14, 2019, which was a Sunday.

Under Federal Rule of Civil Procedure 6, unless a statute that includes a time period specifies a method for calculating the period, Rule 6 provides the method for calculating the time period.[3] The removal statute, 28 U.S.C. § 1446, contains no method for computing the thirty-day period for removing a case to federal court, so Rule 6 controls. *Id.* Under Rule 6, since the thirty-day period to remove the case to federal court ended on a Sunday, the period continued "until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). The next day that was not a Saturday, Sunday, or legal holiday was Monday, July 15, 2019, and Defendants filed their Notice of Removal that day. Not. of Removal. As a result, Defendants' removal of the case to this Court was timely, and the Court denies Plaintiff's motion to remand.

Plaintiff's motion for sanctions is based in part on his assertion that Defendants removed the case to federal court after the statutory period for removal ended, but also on his belief that Defendants did so with the intent to extend the time to answer Plaintiff's Complaint and avoid an order of default being entered against them in the Multnomah County Circuit Court. Plaintiff

---

[3] Fed. R. Civ. P. 6(a) states, in part: "in any statute that does not specify a method of computing time . . . when the period is stated in days . . . (A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

7 - OPINION & ORDER

argues that Defendants removed the case in bad faith and lied about whether Plaintiff had properly served them. Plaintiff requests that this Court enter an order of default.

When a defendant has an objectively reasonable basis to remove a case to federal court, sanctions generally are inappropriate. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (absent unusual circumstances, courts may award attorney's fees for improper removal of a case to federal court only when the removing party lacked an objectively reasonable basis for doing so). Because this Court has jurisdiction over Plaintiff's claims and Defendants' Notice of Removal was timely, Defendants' removal to federal court was objectively reasonable. No unusual circumstances exist that warrant imposing any sanction on Defendants. Accordingly, the Court denies Plaintiff's motion for sanctions.

## II.     Defendants' Motion to Dismiss

Defendants move to dismiss several of Plaintiff's claims. Defendants argue that Plaintiff's First Amended Complaint is deficient because it does not include a demand for relief and does not allege sufficient facts to state a plausible tort claim under a negligence or intentional tort theory. Defendants also contend that the FAC fails to state a claim for *Monell* liability under 42 U.S.C. § 1983 and that the Court should dismiss Plaintiff's claims under the Thirteenth Amendment and O.R.S. 199.410. The Court addresses each of these claims and the parties' respective arguments below.

### A.     Demand for Relief

Defendants first argue that Plaintiff's FAC should be dismissed because it does not include a demand for relief. Plaintiff acknowledges that his FAC lacks a demand for relief and

asserts that he is willing to amend his complaint a second time to include a demand for relief.[4] Because leave to amend should be freely granted and Plaintiff can cure that defect by filing a second amended complaint, the Court grants Plaintiff leave to amend to include a demand for relief.

### B. Failure to Allege Facts Sufficient to State a Tort Claim

Defendants move to dismiss the FAC because the allegations in Plaintiff's FAC are insufficient to state plausible tort claims under either a negligence or intentional tort theory. Defendants argue that because the crime that Plaintiff tried to report had occurred "a few days earlier," Plaintiff admits that there was no emergency in progress, and it was appropriate for the clerk to tell him to report the crime to the non-emergency line. The clerk told Plaintiff to call the non-emergency line to report the crime, but he continued to demand that an officer immediately take his report. Ultimately, an officer did take his report. As a result, Defendant argues, Plaintiff admits that the City did not deny him the opportunity to make a report.

Although Plaintiff needs to provide only a "short and plain statement of the claim showing that [he] is entitled to relief" under Federal Rule of Civil Procedure 8(a)(2), to do that, Plaintiff's allegations must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 554-55. To state a claim with sufficient specificity to survive a motion to dismiss, a plaintiff must allege facts that, if proven, would establish each element of the identified cause of action. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (allegations "may not simply recite the elements of a cause of action, but must contain

---

[4] In fact, Plaintiff tried to correct that error when he filed an "Amendment to Amended Tort Claim" ("Second Amended Complaint"). Second Amended Complaint, ECF 18. The Court struck Plaintiff's Second Amended Complaint because he failed to comply with the requirements of Federal Rule of Civil Procedure 15(a)(2). Order Striking Amendment to Amended Tort Claim, ECF 19.

9 - OPINION & ORDER

sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.") Plaintiff's FAC does not identify the specific tort(s) that he claims Defendants committed or set out the elements of any tort(s). The only part of Plaintiff's FAC that suggests that Plaintiff intends to make a tort claim is the title of his FAC. Without identifying a specific tort and the elements required to prove it, the Court is unable to determine whether Plaintiff has pleaded sufficient factual allegations to establish a plausible claim for relief under any particular theory of tort liability.

The Court grants Defendants' motion to dismiss Plaintiff's tort claims. With an opportunity to amend the complaint, Plaintiff can cure the defects in his tort claim. Accordingly, the Court grants Plaintiff leave to file a second amended complaint that plausibly alleges his tort claim(s) by identifying his tort cause of action and alleging sufficient facts to establish the elements of the tort(s).

### C. § 1983 Claims against City of Portland and Portland Police

Defendant argues that Plaintiff failed to state a claim for relief against the City of Portland because he has alleged only that the City of Portland is liable on a respondeat superior theory. Plaintiff responds that the hate crime he was trying to report was an emergency and that Portland Police's failure to treat it as such was an act of domestic terrorism, violated his right to equal protection under the Fourteenth Amendment, and violated Title III and Title VI of the Civil Rights Act. He also argues that Portland Police's failure to take his report seriously emboldens white nationalists and contributes to an increase in hate crimes.

To state a claim for municipal liability against the City of Portland, Plaintiff must allege facts that establish that City of Portland has caused a constitutional tort through "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's

officers." *Monell v. Dep't of Social Serv. of City of N.Y.*, 436 U.S. 658, 690 (1978). The plaintiff must show that it is the "execution of a government's policy or custom . . . [that] inflicts the injury that the government as an entity is responsible [for] under § 1983." *Id.* at 694. To do so, Plaintiff must show a constitutional violation resulting from (1) an employee acting pursuant to an expressly adopted official policy; (2) an employee acting pursuant to a longstanding practice or custom; or (3) an employee acting as a final policymaker. *Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir. 2003). A municipality is not liable under 42 U.S.C. § 1983 "solely because it employs a tortfeasor." *Monell*, 436 U.S. at 690.

Plaintiff's FAC lacks sufficient allegations to state a claim against City of Portland for *Monell* liability under § 1983. Plaintiff alleges that City of Portland "has no serious punishment for Portland Police being racist." FAC at 3. He also alleges that the disciplinary guidelines for Portland Police and the contract between the City of Portland and Portland Police provide that they cannot fire police officers for being racist. *Id.* Defendants' policies, Plaintiff claims, "allow[] racially discriminatory behavior" that violates the Civil Rights Act of 1964. *Id.* Those allegations appear to fall within one of the first two categories of municipal liability under § 1983. That is, that the employees Plaintiff encountered at the North Portland Police Precinct were acting under an expressly adopted official policy or a longstanding custom or practice.

Plaintiff's allegations amount to a claim that the City of Portland's policy or custom of inadequately disciplining racially discriminatory behavior by its officers promotes racial discrimination toward members of the public, thereby causing Plaintiff's injury. Those allegations do not state a custom, practice, or express policy of condoning racial discrimination in accepting police reports from members of the public, and they provide no link between the alleged policy and Plaintiff's alleged constitutional harms.

Plaintiff's FAC alleges a single constitutional violation that occurred when he tried to make a report. A single constitutional violation can provide a basis for municipal liability under § 1983 if the person who caused the violation has final policymaking authority, *Webb*, 330 F.3d at 1164, but Plaintiff has not alleged that the clerk and police officers he encountered at the North Portland Police Precinct had final policymaking authority.

To the extent that Plaintiff attempts to assert a § 1983 claim against Portland Police Bureau, his FAC fails to state a claim for which relief may be granted. The Portland Police Bureau is a unit of the City of Portland, and the City is the proper entity to pursue a *Monell* liability claim against under § 1983. *See Harris v. City of Portland Police Dep't*, No. 3:15-cv-00853-HZ, 2016 WL 740425, at *5 (D. Or. Feb. 24, 2016) ("The Portland Police Bureau is not a separate entity from the City of Portland and is not amenable to suit. It is merely the vehicle through which the city fulfills its police functions.") (quoting *Lukens v. Portland Police Bureau*, No. 3:11-cv-00827-MO, 2011 WL 5999376, at *2 (D. Or. Nov. 29, 2011)).

For those reasons, the allegations in Plaintiff's FAC are insufficient to state a plausible claim for relief, and the Court grants Defendants' motion to dismiss Plaintiff's § 1983 claim against City of Portland without prejudice. It is possible that Plaintiff could add sufficient factual allegations to state a plausible claim for *Monell* liability against City of Portland, so the Court grants Plaintiff leave to amend his FAC. However, is it not possible for Plaintiff to amend his FAC in a way that states a claim for relief under § 1983 against Portland Police Bureau. As a result, Plaintiff's § 1983 claim against Portland Police Bureau, to the extent that his FAC makes such a claim, is dismissed with prejudice.

///

///

### D. Plaintiff's Thirteenth Amendment Claim

Defendant argues that Plaintiff's claim for relief under the Thirteenth Amendment should be dismissed because Plaintiff has alleged no unconstitutional servitude. Plaintiff's Thirteenth Amendment claim alleges that because the City of Portland forces him to pay taxes and he does not receive any benefit from paying taxes, the City of Portland has subjected him to involuntary servitude by imposing a penalty for failing to pay taxes. Plaintiff asserts that the City of Portland cannot prove that it uses tax revenue to benefit African Americans. He also claims that because he and other African Americans have not consented to being governed by the City of Portland, the City's exercise of authority over African Americans constitutes involuntary servitude.

The Thirteenth Amendment provides that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII. Courts have defined involuntary servitude as "a condition of enforced compulsory service of one to another," *Corrigan v. Buckley*, 271 U.S. 323, 330 (1926), and "action by a master causing a servant to have, or believe he or she has, no way to avoid continuing to work for the master," *Del Elmer v. Metzger*, 967 F. Supp. 398, 402 (S.D. Cal. 1997) (citing *United States v. Shackney*, 333 F.2d 475 (2d Cir. 1964)).[5]

A local government's requirement of its residents to pay taxes does not subject the residents to involuntary servitude. *See Kasey v. C. I. R.*, 457 F.2d 369, 370 (9th Cir. 1972) (per

---

[5] Plaintiff argues that the definition of "involuntary servitude" in 22 U.S.C. § 7102(8) applies to his Thirteenth Amendment claim. However, that definition applies only to Chapter 78 of Title 22 of the United States Code, the Trafficking Victims Protection Act. That chapter establishes standards for combating and preventing human trafficking and does not support Plaintiff's claim that compelled payment of taxes amounts to involuntary servitude under the Thirteenth Amendment.

13 - OPINION & ORDER

curiam) (Internal Revenue Service requirements for record-keeping and preparing and filing a tax return do not amount to involuntary servitude under the Thirteenth Amendment). *See also Porth v. Brodrick*, 214 F.2d 925, 926 (10th Cir. 1954) (per curiam) ("If the requirements of the tax laws were to be classed as servitude, they would not be the kind of involuntary servitude referred to in the Thirteenth Amendment.") Accordingly, Plaintiff has failed to state a claim for relief under the Thirteenth Amendment against Defendants based on his status as a taxpayer.

Plaintiff's claim that the City of Portland violated the Thirteenth Amendment by governing African Americans without their consent also fails. Plaintiff alleges that African Americans have not consented, by contract, treaty, or otherwise, to policing by Portland Police and that "the City of Portland government is forced on" African Americans against their will. FAC 3. According to Plaintiff, Defendants' policing of the African American community through the threat of arrest and violence constitutes involuntary servitude under the Thirteenth Amendment. Plaintiff has provided no legal authority to support his claim that the Thirteenth Amendment requires that local governments can police African Americans only with their consent. The factual allegations in Plaintiff's FAC include no allegation that the City of Portland or Portland Police have compelled him to serve or otherwise perform any work that amounts to involuntary servitude.

It is clear that Plaintiff cannot cure the deficiency of those claims by amending his FAC. *Broughton*, 622 F.2d at 460. None of the allegations in Plaintiff's FAC or the arguments he made in opposition to Defendants' motion to dismiss, even if they are true, would form any basis for liability of Defendants under the Thirteenth Amendment. The Court thus dismisses Plaintiff's Thirteenth Amendment claims with prejudice.

///

### E. Plaintiff's O.R.S. 199.410 Claim

Plaintiff's FAC alleges that the City of Portland's failure to provide a "government service agency specifically for African Americans" violates O.R.S. 199.410. FAC 4. Defendant seeks dismissal of Plaintiff's claim under O.R.S. 199.410 because the statute does not provide a standard of care or impose any legal duty on Defendants. Plaintiff responds that the City of Portland has failed to address the housing and other crises facing African Americans in Portland and that failure to do so violates O.R.S. 199.410.[6]

O.R.S. 199.410 codifies the legislative findings and intent behind the Oregon Legislative Assembly's enactment of O.R.S. 199.410-199.534. O.R.S. 199.410. That statutory scheme provides for the establishment of "local government boundary commissions" tasked with establishing policies to promote "efficiency and economy in providing the widest range of necessary services in a manner that encourages and provides planned, well-ordered and efficient development patterns." O.R.S. 199.410(2). The statute does not establish any obligation or duty of Defendants or afford Plaintiff a right to any remedy. Plaintiff's FAC cannot be amended to state a plausible claim under O.R.S. 199.410. Thus, the Court grants Defendants' motion to dismiss Plaintiff's claims under O.R.S. 199.410 with prejudice.

## CONCLUSION

Based on the foregoing, Defendants Portland Police and City of Portland's motion to dismiss [17] is GRANTED IN PART and Plaintiff's motions to remand [8] and for sanctions [7] are DENIED. Plaintiff's Thirteenth Amendment claim, claims under O.R.S. 199.410, and his § 1983 claim against Portland Police Bureau are dismissed with prejudice. Plaintiff's tort claim(s)

---

[6] Plaintiff asserts additional factual allegations in his opposition to Defendants' motion to dismiss, and the Court considers those assertions only for the purpose of determining whether granting Plaintiff leave to amend his FAC would be futile.

and § 1983 claim against City of Portland are dismissed without prejudice. Plaintiff may file a second amended complaint within thirty days of the date of this Opinion and Order that states plausible tort and § 1983 claims and that includes a demand for relief.

IT IS SO ORDERED.

Dated this 23 day of October 2019.

/s/ Marco Hernández
MARCO A. HERNÁNDEZ
United States District Judge