IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHUCK CROCKETT,                                    No. 3:19-cv-01090-HZ

                Plaintiff,               OPINION & ORDER

     v.

PORTLAND POLICE and CITY
OF PORTLAND,

                Defendants.


Chuck Crockett
1771 NE Bryant St.
Portland, OR 97211

      Pro Se Plaintiff

Ryan C. Bailey
City of Portland
City Attorney's Office
1221 SE Fourth Ave., Room 430
Portland, OR 97204

      Attorneys for Defendants

HERNÁNDEZ, District Judge:

Plaintiff Chuck Crockett brings this action against Defendants City of Portland and Portland Police. Plaintiff alleges that Defendants violated Title VI of the Civil Rights Act and brings claims under 42 U.S.C § 1983 for violating his Fourteenth Amendment rights and a *Monell* claim. Defendants move to dismiss Plaintiff's § 1983 claims. The Court grants in part Defendants' motion to dismiss.

## BACKGROUND

On July 26, 2019, Plaintiff Chuck Crockett filed a First Amended Tort Claim ("FAC") against City of Portland and Portland Police asserting a claim under 42 U.S.C. § 1983 for violating his Thirteenth and Fourteenth Amendment rights, as well as a tort claim(s) arising from Defendants' alleged violation of state and federal laws. FAC 1–2[1], ECF 10. On October 23, 2019, the Court dismissed Plaintiff's claims against Portland Police with prejudice. Op. & Order 8, ECF 26. Plaintiff's remaining tort and § 1983 claims against City of Portland were dismissed without prejudice, and the Court granted Plaintiff leave to file a Second Amended Complaint to cure the deficiencies in his FAC and include a demand for relief. *Id.* at 8.

On January 24, 2020, Plaintiff filed a Second Amended Tort Claim ("SAC") against Defendants, alleging that Defendants violated Plaintiff's rights under Title VI of the Civil Rights Act of 1964 the Fourteenth Amendment and asserted a *Monell* municipal liability claim under 42 U.S.C. § 1983. SAC 1[2], ECF 31. Plaintiff titled his SAC "Second Amended Tort Claim (42

---

[1] Plaintiff's FAC is not paginated, so citations in this Opinion and Order to Plaintiff's FAC are to the ECF page numbers.
[2] Plaintiff's SAC is not paginated, so citations in this Opinion and Order to Plaintiff's SAC are to the ECF page numbers.

U.S.C. § 1983)." *Id.* Defendants moved to dismiss the SAC for failure to state a claim. Def. Mot. Dismiss 6, ECF 32.

Plaintiff's SAC alleges that he is a Black man who, on March 15, 2019, entered a Portland Police precinct to report that he had been the victim of a hate crime.[3] SAC 2–4. Plaintiff asserts that he experienced racial discrimination when every non-Black Portland Police and City of Portland employee and supervisor he encountered refused to take his in-person report of the hate crime. *Id.* at 2. Plaintiff claims that the desk clerk refused to take his report of a hate crime and would not summon the two officers standing behind the clerk to take Plaintiff's report. *Id.* Instead, the clerk instructed Plaintiff to call the non-emergency line to report the crime. *Id.* at 3. Plaintiff does not allege that he attempted to call the non-emergency line.

Rather than call the non-emergency line, Plaintiff stopped a police officer in the precinct who at first told Plaintiff that he was available to take Plaintiff's report, but when Plaintiff told the officer that Plaintiff wanted to report a hate crime, the officer refused to take Plaintiff's report. *Id.* According to Plaintiff, he had to search for a Black police officer to take his report, and the non-Black officers and City employees refused to assist him. *Id.* Plaintiff claims that if he had been a white man trying to report that a Black man had attacked him, Portland Police officers would have taken the report from him, would not have told him that an in-person officer was unavailable, and would not have required him to call the non-emergency line. *Id.* Plaintiff alleges that Portland Police and City employees discriminated against Plaintiff when he tried to report the hate crime and that Portland Police has a history of discriminating against African Americans in general. *Id.* at 2. Plaintiff alleged that another reason that officers and employees of

---

[3] Plaintiff's SAC does not state when the alleged hate crime occurred. His FAC alleged that the hate crime committed against him had occurred a few days earlier, but Plaintiff did not include that allegation in his SAC. FAC at 1.

the City of Portland refused to take Plaintiff's report was that "they cannot be fired for being racist or committing a discriminatory act." *Id.* at 3.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the Court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). However, the Court need not accept conclusory allegations as truthful. *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992).

The Court will grant a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if the plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Additionally, "only a complaint that states a plausible claim for

relief survives a motion to dismiss." *Id.* at 679.  The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct[.]" *Id.*

The Court must liberally construe a *pro se* plaintiff's pleadings. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). *Pro se* complaints, liberally construed, "must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). An "'obligation' remains, where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe*, 627 F.3d at 342 (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 (9th Cir. 1985). The Court must give a *pro se* litigant leave to amend a pleading, "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).

## DISCUSSION

Defendants argue that Plaintiff's SAC is deficient because it does not allege enough facts to state a plausible tort claim and fails to state a claim for *Monell* liability under 42 U.S.C. § 1983. Defendant does not move to dismiss Plaintiff's Title VI claim.[4] Although Defendants

---

[4] The Court has questions about whether Plaintiff can bring both a Title VI and a § 1983 in the same action. "When the remedial devices provided in a particular Act are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983." *Middlesex Cty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 20 (1981). The Ninth Circuit has not decided whether Title VI forecloses a section 1983 remedy, but at least one district court in the Ninth Circuit has. *See Alexander v. Underhill*, 416 F. Supp. 2d 999, 1006 (D. Nev. 2006) (noting that the circuit courts are split on the question and following the reasoning of Seventh Circuit and Western District of New York decisions and holding that the plaintiff cannot bypass the enforcement mechanisms of Title VI by bringing a section 1983 claim). Title VI includes a private right of action for administrative remedies, injunctive relief, and damages. *Alexander v. Sandoval*, 532 U.S. 275, 279 (2006). However, when a plaintiff brings both a Title VI claim and a section 1983 Fourteenth Amendment equal protection claim, the plaintiff's damages in the section 1983 claim may be limited to those that

move to dismiss a purported common law tort claim, the Court construes the SAC to include only a Title VI claim and a Fourteenth Amendment claim brought under section 1983 for *Monell* municipal liability. Thus, the Court addresses only Defendants' arguments in their motion to dismiss Plaintiff's section 1983 claims.

**I.    § 1983 Claims Against City of Portland**

Section 1983 provides a right to relief when a person, "under color of . . . state law . . . subjects, or causes to be subjected, any citizen of the United states . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To state a claim against an individual under section 1983, the plaintiff must "both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

Plaintiff alleges that employees of the City of Portland discriminated against him when he tried to report that he had been the victim of a hate crime. The Supreme Court has recognized a Fourteenth Amendment right under the equal protection clause to be free from discrimination in the administration of police services. *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 n. 3 (1989) ("The State may not, of course, selectively deny its protective services to certain disfavored minorities without violating the Equal Protection Clause."); *see also Elliott-*

---

are beyond the scope of Title VI's remedies when both claims are based on different facts; when the claims are based on the same set of facts, the plaintiff's damages may be limited to those available under Title VI. *Underhill*, 416 F. Supp. 2d at 1007. In addition, individuals cannot be held liable under Title VI. *Id.* The Court does not analyze the coexistence of Plaintiff's Title VI and section 1983 claims because that question is not before the Court. Plaintiff should clearly indicate in his third amended complaint whether he seeks to bring a Title VI claim, a section 1983 claim for violating his right to equal protection, or both. Plaintiff may abandon one or more of his claims by excluding them from his third amended complaint. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012).

*Park v. Manglona*, 592 F.3d 1003, 1006 (9th Cir. 2010) ( "a police officer can't investigate and arrest blacks but not whites, or Asians but not Hispanics. Police can't discriminate on the basis of the victim's race, either."). Thus, Plaintiff has sufficiently alleged a violation of his constitutional right to equal protection under the Fourteenth Amendment. Plaintiff did not sue any of the individuals he alleges violated his constitutional rights under the Fourteenth Amendment at the Portland Police precinct. Instead, he brings his claim against the City of Portland under *Monell*, which requires him to allege different facts.

Local government entities are considered 'persons' under § 1983. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978). A municipality is not liable under § 1983, however, "*solely* because it employs a tortfeasor[.]" *Id.* at 691 (emphasis in original). Thus, although the individual officers and employees may be held individually liable under section 1983 for their own constitutional violations, the City of Portland is not liable for violating the Equal Protection Clause simply because its employees discriminated against Plaintiff. To state a claim for municipal liability against the City of Portland, Plaintiff must allege facts that establish that City of Portland caused a constitutional violation by (1) an employee acting pursuant to an expressly adopted official policy; (2) an employee acting pursuant to a longstanding practice or custom; or (3) an employee acting as a final policymaker. *Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir. 2003). Without alleging facts that establish that one or more of those acts, Plaintiff's claim against the City of Portland must be dismissed.

### A.  Final Policy Maker

Plaintiff alleges that the City of Portland has final policy-making authority and "insufficient discriminatory disciplinary policy in line with Federal law." *Id.* at 3. Plaintiff's assertion that the City of Portland is a final policymaker, without more, does not state a *Monell*

claim. A single constitutional violation can provide a basis for municipal liability under § 1983 only if the person who caused the violation has final policymaking authority. *Webb*, 330 F.3d at 1164. But Plaintiff has not alleged that the clerk, police officers, or City of Portland employees he encountered at the Portland Police precinct had final policymaking authority. As a result, Plaintiff has not sufficiently alleged a *Monell* claim based on the action of a final policymaker.

### B.  Longstanding Practice or Custom

"A single constitutional deprivation ordinarily is insufficient to establish a longstanding practice or custom" under *Monell. Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999). A practice or custom sufficient to establish municipal liability under *Monell* must be of "sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (citing Bennett v. City of Slidell, 728 F.2d 762, 767 (5th Cir. 1984)).

Plaintiff's SAC lacks sufficient allegations to state a claim for *Monell* liability against the City of Portland based on a longstanding custom or practice. Plaintiff alleges that City of Portland employees have a "historical pattern practice and policy . . . of denial and discrimination against blacks." SAC 2. But Plaintiff has not alleged facts describing any other incidents of discrimination to support his conclusory allegation that a longstanding custom or practice exists.

Plaintiff's SAC also does not allege a relevant longstanding custom or practice. Even if it were supported by sufficient facts, Plaintiff has alleged only a general practice of discrimination, not any specific practice or custom of racial discrimination in accepting police reports from the public. Without alleging facts to support a conclusion that the City of Portland has a longstanding custom or practice of racial discrimination *that caused the City of Portland to*

*discriminate against him in the taking of his police report*, Plaintiff has not plausibly alleged a *Monell* claim. To plausibly allege such a claim, Plaintiff's complaint must include factual allegations that establish a longstanding custom or practice of racial discrimination in taking police reports from the public that is of "sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino*, 99 F.3d at 918. The allegations in Plaintiff's complaint establish only one incident of racial discrimination in taking police reports from the public. As a result, Plaintiff failed to allege sufficient facts to state a *Monell* claim against the City of Portland based on a longstanding practice of racial discrimination. Plaintiff can sufficiently allege a section 1983 claim based on the single act of racial discrimination that appears in his SAC if he brings that claim against the individuals he alleges to have discriminated against him or against the City of Portland if a final policymaker for the city created or ratified a policy of racial discrimination in taking police reports. But his SAC does not allege those claims against those individuals or a final policymaker.

Plaintiff also alleges that the City of Portland has a longstanding custom or practice of inadequately disciplining racially discriminatory behavior by its police officers which promotes or encourages officers to discriminate against members of the public. Plaintiff does not allege specific facts that show a failure to discipline officers and employees *who discriminate against members of the public when accepting police reports* or in any other relevant circumstances. Plaintiff alleged only that he experienced discrimination when he tried to report a crime; he did not allege that the City of Portland inadequately disciplined the officers and employees to whom he tried to report the crime or that the City of Portland previously inadequately disciplined other officers and employees for similar acts of discrimination in taking reports of crime from the

public. Without that link, Plaintiff has failed to state a plausible *Monell* claim against the City of Portland based on a failure to discipline its officers and employees.

## II.     Claims Against Portland Police

The Court previously dismissed Plaintiff's § 1983 claims against Portland Police with prejudice. Op. & Order 15, ECF 26. That claim remains dismissed with prejudice for the reasons explained in the Court's October 23, 2019, Opinion & Order. Plaintiff may not bring a section 1983 claim against Portland Police based on the same factual allegations when he amends his complaint. Plaintiff may, however, bring individual claims against the clerk and officers who he alleges violated his constitutional rights at the Portland Police precinct if he chooses.

## CONCLUSION

Defendants Portland Police and City of Portland's motion to dismiss [32] is GRANTED IN PART. Plaintiff's section 1983 claim against Portland Police remains dismissed with prejudice. Plaintiff's section 1983 claims against City of Portland are dismissed without prejudice. The Court grants Plaintiff leave to file a third amended complaint that plausibly alleges his claims by identifying the specific claim(s) he brings and by alleging sufficient facts to establish all required elements of those claims. Plaintiff may file a third amended complaint within thirty days of the date of this Opinion and Order.

IT IS SO ORDERED.

DATED: _____September 25, 2020_____.


MARCO A. HERNÁNDEZ
United States District Judge